```
                 IN THE UNITED STATES DISTRICT COURT
                 FOR THE NORTHERN DISTRICT OF TEXAS
                         FORT WORTH DIVISION

KAREN BARROW                        §
                                    §
V.                                  §  CIVIL ACTION NO. 4:14-CV-170-Y
                                    §
CAROLYN W. COLVIN, ACTING           §
COMMISSIONER OF SOCIAL SECURITY     §
```

### ORDER ADOPTING MAGISTRATE JUDGE'S
### FINDINGS, CONCLUSIONS, AND RECOMMENDATION

On June 8, 2015, the United States magistrate judge issued his findings, conclusions, and recommendation ("the findings") in this case. In the findings, the magistrate judge recommended that the Court affirm the decision of the commissioner of the Social Security Administration denying Plaintiff's claims for disability insurance benefits under Title II and for supplemental social security income under Title XVI of the Social Security Act. An order issued that same day gave all parties fourteen days to serve and file with the Court written objections to the findings. Plaintiff has filed her objections. The commissioner did not file a response.

Plaintiff argues that under *Singletary v. Bowen*, 798 F.2d 818 (5th Cir. 1986), the administrative law judge ("ALJ"), was required to make a specific finding regarding Plaintiff's ability to sustain employment, not just obtain employment, and Plaintiff takes issue with the magistrate judge's finding that the ALJ properly assessed whether Plaintiff could sustain employment. This Court, in reviewing the issue *de novo*, concludes that the magistrate judge correctly found that the ALJ adequately considered Plaintiff's ability to sustain employment given the episodic nature of her claimed disability.

Plaintiff also complains that the magistrate judge's proposed findings are inconsistent with a report issued in a case involving similar facts, *Decker v. Colvin*, No. 7:12-CV-158-BL, 2014 WL 4494145 (N.D. Tex. Sept. 11, 2014) (Frost, J.). In that case, the magistrate judge recommended that the commissioner's denial of disability benefits be vacated and remanded based on the ALJ's failure to make a finding regarding the claimant's ability to sustain employment. See *Id.* at *4. Aside from the fact that, in this case, the ALJ expressly made such as finding, the facts in *Decker* are not similar to those present in this case, despite Plaintiff's claim to the contrary.

The claimant in *Decker*, like Plaintiff here, suffered from bi-polar disorder. Unlike Plaintiff, though, there was substantial evidence in *Decker* that the claimant could not hold a job. The magistrate judge noted that the claimant had held thirty-nine jobs in just fifteen years, just under three jobs per year. *Id.* at *5. Additionally, the record indicated that the claimant suffered from various mental disorders, aside from bi-polar disorder and that her examining psychologist listed claimant's prognosis as "poor to fair." *Id.* Finally, in *Decker*, there was no opinion of record indicating that the claimant had the ability to maintain employment. See *Id.* These facts and circumstances simply are not present in Plaintiff's case, so any comparison to *Decker* would be improper.

After review, the Court concludes that Plaintiff's objections should be OVERRULED and the magistrate judge's findings should be, and are hereby, ADOPTED as the findings and conclusions of this Court for the reasons stated there. Accordingly, the commissioner's decision is AFFIRMED.

SIGNED August 5, 2015.

*Terry R. Means*
TERRY R. MEANS
UNITED STATES DISTRICT JUDGE

TRM/lj                              3